UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                      :

IN RE:                                :                  24-CV-9314 (JMF)
                                        :

ALEXANDER BERNARD KASPAR,        :        MEMORANDUM OPINION
                                        :                  AND ORDER
             Debtor.                :

                                        :
------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

      This appeal, from the United States Bankruptcy Court for the Southern District of New York (Glenn, Chief B.J.), arises from a Sale Order, entered pursuant to 11 U.S.C. § 363(b), in a Chapter 7 proceeding. Grace DeLibero and Citygrace Corp. (together, "DeLibero") — who had an interest in, and attempted to bid for, the real property subject to the Sale Order (the "Property") — filed a limited objection to a motion by the Chapter 7 trustee seeking approval to sell the property to Hudson Highlands Land Trust, Inc. ("HHLT") for $595,000. A121-22.[1] DeLibero argued that (1) the sale price was significantly below the market value of the property and (2) HHLT was not a good faith purchaser because it had colluded with the Town of Putnam Valley to chill other offers for the property. A122. After a hearing, the Bankruptcy Court overruled DeLibero's objections and granted the motion seeking approval for the sale. A145-49. DeLibero failed to seek a stay of the resulting Sale Order, and the sale was then consummated. A179-81. DeLibero now appeals from the Bankruptcy Court's order overruling her objections and approving the sale. For the following reasons, her appeal is without merit.

      First, DeLibero's appeal is equitably moot. If "a reorganization plan" — or "sale order," *In re Motors Liquidation Co.*, 428 B.R. 43, 60 (S.D.N.Y. 2010) — "has been substantially

---

[1]      "A[ ]" refers to the Appendix, which appears at ECF No. 7-1.

consummated, [courts] presume that an appeal of that plan [or order] is equitably moot." *In re MPM Silicones, L.L.C.*, 874 F.3d 787, 804 (2d Cir. 2017). That presumption is rebutted, however, if the appellant satisfies all five of the factors identified by the Second Circuit in *In re Chateaugay Corp.* ("*Chateaugay II*"), 10 F.3d 944, 952 (2d Cir. 1993), namely that:

> [1] the court can still order some effective relief; [2] such relief will not affect the re-emergence of the debtor as a revitalized corporate entity; [3] such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court; [4] the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and [5] the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order[,] if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*In re BGI*, 772 F.3d 102, 108 (2d Cir. 2014) (citing *Chateaugay II*, 10 F.3d at 952-53); *see, e.g.*, *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482 (2d Cir. 2012) (noting that satisfaction of "all five *Chateaugay* factors" is required to overcome the presumption). Notably, the Second Circuit has placed "significant reliance" and "special emphasis" on the fifth factor. *In re MPM Silicones*, 874 F.3d at 804-05. As a result, courts in this Circuit "insist that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one," *In re Metromedia*, 416 F.3d at 144, and generally deny relief even to unrepresented parties who have failed to seek a stay, *see, e.g.*, *In re Centric Brands Inc.*, No. 22-CV-2702 (VB), 2023 WL 2139556, at *6 (S.D.N.Y. Feb. 21, 2023). In fact, merely seeking a stay is not necessarily enough — an appellant must do so with "all diligence." *In re BGI, Inc.*, No. 12-CV-7714 (ALC), 2013 WL 10822966, at *9 (S.D.N.Y. May 22, 2013).

Appellee makes colorable arguments that DeLibero fails to satisfy at least three of the five *Chateaugay* factors, *see* ECF No. 8 ("Appellee's Br."), at 21, but the Court need not do more than address the fifth. DeLibero never sought a stay of the Sale Order in this or any other

court, let alone "diligently." DeLibero argues that she "diligently objected to the sale and even made an offer and put up a deposit to stop the sale to HHLT." ECF No. 10 ("Appellant's Reply"), at 5. But the relevant question for purposes of the fifth *Chateaugay* factor is whether DeLibero sought "a stay *of execution of the objectionable order,*" *In re BGI*, 772 F.3d at 108 (emphasis added), so the inquiry focuses on actions *after* the allegedly objectionable order is entered. The actions to which DeLibero points all preceded entry of the Sale Order and, thus, are irrelevant to the fifth factor. Put bluntly, DeLibero took *no* action to prevent the sale from being "substantially consummated" while she sought to challenge the Sale Order on appeal. *In re Motors*, 428 B.R. at 60. It follows that she fails to satisfy the fifth *Chateaugay* factor and, thus, does not rebut the "strong presumption" that her appeal "is equitably moot." *Id* (cleaned up).

DeLibero's remaining arguments to the contrary are unavailing. First, she argues that there is no presumption of equitable mootness here at all, citing the Supreme Court's recent decision in *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288 (2023), which held that a bankruptcy appeal was not moot because it was not "impossible for [the] court to grant any effectual relief whatever to the prevailing party." *Id.* at 295 (internal quotation marks omitted); *see* Appellant's Reply 4. But *MOAC* addressed *constitutional* mootness, which goes to the very "power of federal courts" to hear a case, *Chafin v. Chafin*, 568 U.S. 165, 171 (2013), not equitable mootness, which is "a product of the district court's unwillingness, rather than its inability, to grant relief." *In re Fiorano Tile Imports, Inc.*, 517 B.R. 409, 416 (E.D.N.Y. 2014); *see also In re Adelphia Commc'ns Corp.*, 367 B.R. 84, 94 n.36 (S.D.N.Y. 2007) (stating that appellants had "fallen into the trap of confusing equitable and constitutional mootness") (internal quotation marks omitted). Put simply, there is no basis to read *MOAC*, as DeLibero would have it, to abrogate decades of precedent concerning equitable mootness in multiple circuits —

especially insofar as the petitioner in that case expressly disclaimed any "arguments of equitable

mootness." Pet. for Cert. at 34, No. 21-1270, (U.S. Mar. 17, 2022), *cert. granted* 142 S. Ct. 2867

(June 27, 2022); *accord id.* at 23a n.6. "Questions which merely lurk in the record, neither

brought to the attention of the court nor ruled upon, are not . . . precedents." *Webster v. Fall*, 266

U.S. 507, 511 (1925); *accord, e.g.*, *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33,

38 (1952) (observing that where an issue was neither "raised in briefs or argument nor discussed

in the opinion of the Court," there is no "binding precedent on th[at] point"). *MOAC* therefore

has no bearing on this case. *See, e.g.*, *In re 307 Assets L.L.C.*, 665 B.R. 214, 221 n. 4 (S.D.N.Y.

2024) (rejecting the argument that *MOAC* "precludes a finding that an appeal from a sale under

Section 363 is equitably moot").

DeLibero also argues that equitable mootness applies only to "cases wherein numerous

third parties' rights would be prejudiced by a reversal of what is typically a very extensive plan

of reorganization in a very complex large business case." Appellant's Reply 3-4. But this

ignores the many cases in which courts in this Circuit have assessed equitable mootness in

appeals from sale orders rather than reorganization plans, *see, e.g.*, *In re Kassover*, 98 F. App'x

30, 31 (2d Cir. 2004) (summary order); *In re Quirky, Inc.*, No. 16-CV-342 (CM), 2016 WL

7495182, at *5 (S.D.N.Y. Dec. 20, 2016), including, as here, sale orders concerning pieces of

real property, *see, e.g.*, *In re Clean Air Car Serv. & Parking Branch Two, LLC*, No. 24-1738-BK,

2025 WL 1409862, at *3 n.4 (2d Cir. May 15, 2025) (summary order); *In re Leatherstocking

Antiques, Inc.*, No. 12-CV-7758 (ER), 2013 WL 5423995, at *4 (S.D.N.Y. Sept. 27, 2013) ("The

doctrine of equitable mootness applies to appeals of sale orders as well as appeals from orders

confirming plans of reorganization."). In any event, the relief that DeLibero seeks here —

unraveling a transaction involving both the Town of Putnam Valley and HHLT or "damages"

from those entities — does implicate the rights of third parties not before the Court.  In short,

DeLibero fails to carry her burden to overcome the presumption that her appeal is equitably

moot.

Second, and in any event, DeLibero's appeal is meritless.[2]  A sale of assets under Section

363(b) is permissible if the trustee exercised "sound business judgment."  *In re MF Glob. Inc.*,

467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012).  The gravamen of DeLibero's arguments on appeal is

that the Bankruptcy Court incorrectly concluded that the trustee exercised sound business

judgement in approving the sale to HHLT because it erred in its subsidiary conclusions that the

sale of the property was an arm's-length transaction, that HHLT was a good faith purchaser, and

that the Town of Putnam Valley did not improperly influence the purchase.  ECF No. 7

("Appellant's Br."), at 2-3.  As a preliminary matter, DeLibero claims that each of these

conclusions is subject to *de novo* review.  *See id.*  But that is plainly incorrect.  Although "[a]

bankruptcy court's conclusions of law . . . are reviewed *de novo*," *In re Grubb & Ellis Co.*, 523

B.R. 423, 437 (S.D.N.Y. 2014), a bankruptcy court's "[f]indings of fact . . . may not be set aside

unless clearly erroneous."  *In re Miner*, 229 B.R. 561, 564 (B.A.P. 2d Cir. 1999); *see also* Fed.

R. Bankr. P. 7052 (stating that Rule 52 of the Federal Rules of Civil Procedure applies in

adversary proceedings); Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or

other evidence, must not be set aside unless clearly erroneous").  "Mixed questions of law and

fact are reviewed either *de novo* or under the clearly erroneous standard depending on whether

---

[2]     Because equitable mootness "does not raise a threshold question of [a court's] power to rule," but instead "bears . . . upon the proper remedy," a court is not precluded from ruling on the merits before, or in addition to, considering arguments related to equitable mootness.  *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d Cir. 2005).

the question is predominantly legal or factual." *In re Grubb & Ellis*, 523 B.R. at 437 (internal quotation marks omitted).

The Bankruptcy Court's conclusions of law in this case were buttressed by several explicit findings of fact, including that "[t]here is no evidence that the Trustee has done anything but try to sell [the Property] at the highest value possible," that "DeLibero's claim that the 'market value' of the property is $1.5 million is specious," and that "[t]here is no evidence of bad faith, self-interest, or gross negligence in connection with the proposed sale to HHLT." A144. The only "evidence" Delibero offers to challenge these findings is a self-serving declaration, A126-29 — indeed, DeLibero offered no additional evidence or witnesses during the hearing concerning the sale, and she declined even to cross examine any of the witnesses who testified. Although DeLibero offers as proof of the Trustee's error that it rejected her own $700,000 offer for the property, Appellant's Br. 5, the Bankruptcy Court reasonably relied on the Trustee's representation that DeLibero's offer was "actually neither higher nor better than HHLT's," A140. Among other things, DeLibero's offer lacked the indemnification provision in HHLT's and was "subject to unspecified remediation costs." *Id.* Moreover, the Trustee observed, it was unclear "if DeLibero or the Debtor's estate would bear" the remediation costs and "how much DeLibero would actually pay to the Trustee . . . after taking what she considers to be payment for her 50% equity stake," given her $1.5 million valuation of the property. *Id.* (cleaned up).

Given the minimal support for DeLibero's arguments, there is no basis to second guess the Bankruptcy Court's factual findings. *See, e.g.*, *In re Miner*, 229 B.R. at 565 (observing that an appellant's burden to demonstrate clear error is a "heavy" one and that findings should not be disturbed unless the reviewing court is "left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)). That is true even if DeLibero's

arguments implicate mixed questions of law and fact, as her challenges are predominantly factual. *See* Appellant's Br. 9 (arguing that the Bankruptcy Court "overlook[ed] the evidence . . . that the Town conspired to eliminate or chill other potential bidders,"); *id.* at 10 (arguing that the "marketing" of the property was "insufficient"); *id.* at 14 (arguing that "the entire Sale process lacked integrity" because "[t]he Property was not properly marketed and interested bidders were discouraged from bidding"); *id.* (arguing that "the circumstances of the Sale prove there was an agreement between the Town and HHLT to ensure HHLT would be the only potential purchaser"). It follows that there is no basis to disturb the Bankruptcy Court's legal conclusions that are based on its findings. Thus, assuming *arguendo* that DeLibero's appeal is not equitably moot, it fails on the merits anyway.

For the foregoing reasons, the order of the Bankruptcy Court overruling DeLibero's objections and approving the sale is AFFIRMED. The Clerk of Court is directed to enter judgment in Appellee's favor and close this case.

SO ORDERED.

Dated: June 27, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

7